No. DA 06-0123

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 157N

_____

IN RE THE MATTER OF

R.L.T. and M.A.T.,

      Youths in Need of Care.

_____

APPEAL FROM:    District Court of the Ninth Judicial District,
                       In and for the County of Toole, Cause No. DN 04-002
                       The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          William E. Hunt, Jr., Hunt Law Firm, Shelby, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Jennifer Anders, Assistant
          Attorney General, Helena, Montana

          Merle Raph, Toole County Attorney, Shelby, Montana

_____

                         Submitted on Briefs:  May 23, 2006

                                  Decided:  July 12, 2006

Filed:

_____
                   Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2      J.T. appeals from an order of the Ninth Judicial District Court, Toole County, terminating his parental rights to his children, R.L.T. and M.A.T.  He argues that the District Court abused its discretion by not ordering at least some minimal contact between him and the children, and by failing to provide him with a fundamentally fair hearing.  We affirm.

¶3      J.T. killed a woman by shooting her in the head.  R.L.T. and M.A.T. witnessed the shooting, as well as J.T.'s attempt to hide the body.  J.T. pled guilty to homicide in Oklahoma, and is currently serving a life sentence in prison.

¶4      The Department of Public Health and Human Services took custody of R.L.T. and M.A.T. following J.T.'s arrest, and petitioned for permanent legal custody of the children with the right to consent to adoption.

¶5      The District Court held a termination hearing on October 27, 2005.  J.T. could not participate by telephone conference.  However, his counsel declined the District Court's offer to recess the proceeding from time to time and allow him to contact with J.T. when he deemed it necessary.

¶6     The District Court terminated the parent-child legal relationship existing between J.T. and the children, and denied J.T.'s request for continued contact with them. This appeal followed.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶8     This Court reviews a district court's ultimate decision to terminate parental rights for abuse of discretion. *In re A.N.W.*, 2006 MT 42, ¶ 29, 331 Mont. 208, ¶ 29, 130 P.3d 619, ¶ 29. To terminate parental rights, the State must provide a fundamentally fair procedure which includes representation by counsel and an equal opportunity to both present evidence and scrutinize the State's evidence. *In re M.W. and C.S.*, 2001 MT 78, ¶ 25, 305 Mont. 80, ¶ 25, 23 P.3d 206, ¶ 25.

¶9     J.T. argues that the District Court abused its discretion by failing to order contact between him and the children. He argues that continued contact would be in their best interests pursuant to § 41-3-609(3), MCA, which requires that, in terminating the parent-child relationship, the court give primary consideration to the physical, mental, and emotional conditions and needs of the child.

¶10    Section 41-3-609(3), MCA, does not require contact between children and a parent whose rights have been terminated. Parental rights may be terminated if the parent has a history of violent behavior or is subject to a judicially ordered long-term confinement. Sections 41-3-609(2)(b), (d), MCA. There is no question that J.T. meets both these criteria for termination of his parental rights. The District Court did not abuse its

discretion in determining that contact with their father was not in the best interest of the children.

¶11     J.T.'s argument that the District Court failed to provide him a fundamentally fair hearing also fails.  The courtroom in which the hearing was held lacked the capacity for J.T.'s presence by telephone.  However, the presiding judge offered to take a recess from time to time and allow contact between J.T. and his counsel, whenever counsel deemed it necessary.  J.T.'s counsel declined this offer and advised that he believed he adequately understood J.T.'s concerns and his position.  Under the circumstances of this case, the District Court provided J.T. with a fundamentally fair hearing.

¶12     Affirmed.


                                             /S/ JOHN WARNER


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE